IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | Case No. 12-1581-LPS |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| TREND MICRO INCORPORATED, and TREND MICROS, INC. (USA), | |
| Defendants. | |

IV's Response to Trend's
Motion for Leave to File Judgment on the Pleadings That the Asserted Claims
of U.S. Patent No. 6,460,050 Are Invalid Under 35 U.S.C. § 101

Parker C. Folse III (admitted *pro hac vice*)
Brooke A.M. Taylor (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:    (206) 516-3880
pfolse@susmangodfrey.com
btaylor@susmangodfrey.com

Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Richard W. Hess (admitted *pro hac vice*)
John P. Lahad (admitted *pro hac vice*)
Weston O'Black (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:    (713) 653-7859
rhess@susmangodfrey.com
jlahad@susmangodfrey.com

Dated: November 24, 2014

woblack@susmangodfrey.com

*Attorneys for Plaintiff*

## Table of Contents

I. Nature and Stage of the Proceedings ...........................................................................................1

II. Summary of the Argument ............................................................................................................1

III. Legal Standard ............................................................................................................................2

IV. Trend Has Not Shown Good Cause ............................................................................................3

      A.      Trend Lacks Good Cause for Missing the (Extended) Dispositive Motion Deadline ......................................................................................................3

      B.      Trend Lacks Good Cause for Waiting Five Months After the Supreme Court Issued Its Decision in *Alice v. CLS Bank* ......................................................5

      C.      Trend Cannot Raise New "Good Cause" Arguments In Its Reply Brief ................5

V. Prejudice to IV .............................................................................................................................6

VI. Defendants' Prior Failures to Follow the Agreed Schedule ......................................................6

      A.      2010-2012: Defendants' Seek Extensions to the Scheduling Order ......................7

      B.      2013: Defendants' Again Seek Leave For Missing Deadlines ..............................7

      C.      2013: Defendants Decide Not To Make § 101 Arguments in Their Dispositive Motions .........................................................................................8

      D.      2014: Defendants Agree on the Trial Schedule then Ask the Court to Disregard the Schedule and Stay the Case Two Weeks Later ...............................9

VII. Conclusion ...............................................................................................................................10

## Table of Authorities

Cases

*Alice Corporation Pty. Ltd. v. CLS Bank International*,
    134 S. Ct. 2347 (2014) ........................................................................ passim

*Argo v. Woods*,
    399 F. App'x 1 (5th Cir. 2010) .......................................................................... 2

*buySAFE Inc. v. Google, Inc.*,
    765 F.3d 135 (Fed. Cir. 2014) .......................................................................... 5

*CLS Bank Int'l v. Alice Corp. Pty.*,
    717 F.3d 1269 (Fed. Cir. 2013) (en banc), cert. granted,
    134 S. Ct. 734 (2013) and aff'd, 134 S. Ct. 2347 (2014)...................................... 4, 5, 8, 10

*Cybersource Corp. v. Retail Decisions, Inc.*,
    654 F.3d 1366 (Fed. Cir. 2011).......................................................................... 4

*Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*,
    758 F.3d 1344 (Fed. Cir. 2014).......................................................................... 5

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*,
    566 U.S. ----, 132 S.Ct. 1289 (2012) .................................................................. 4

*Planet Bingo, LLC v. VKGS LLC*,
    No. 2013-1663, 2014 WL 4195188 (Fed. Cir. Aug. 26, 2014) ........................................ 5

*Riggins v. Walter*,
    279 F.3d 422 (7th Cir. 1995) ........................................................................... 2

*SmartGene, Inc. v. Advanced Bio. Labs., S.A.*,
    555 F. App'x. 950 (Fed. Cir. 2014)...................................................................... 5

*Venetec Int'l, Inc. v. Nexus Med., LLC*,
    541 F. Supp. 2d 612 (D. Del. 2008) .................................................................... 3

Statutes

34 U.S.C. § 101 ............................................................................................... 1

35 U.S.C. § 101 ........................................................................................ passim

Rules

Fed. R. Civ. P. 12(c) .................................................................................. passim

Fed. R. Civ. P. 16(b) ................................................................................... 2, 3, 6

Rule 12(b)(6)......................................................................................................................... 10

<u>Other Authorities</u>

27A Fed. Proc., L. Ed. § 62:567 (2014).......................................................................... 2

Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2014)............................................................. 3

## I. Nature and Stage of the Proceedings

The agreed deadline to file "*all* dispositive motions" expired 17 months ago, on June 14, 2013, after it had been extended based on Trend's and Symantec's requests.  On June 14, 2013, the parties exchanged lengthy dispositive motions – Trend made over six different arguments for why it was entitled to judgment as a matter of law.  On March 31, 2014, the Court issued its Memorandum and Order denying Defendants' dispositive motions and cleared a path for trial on all asserted patents.  (12-cv-1581-LPS, D.I. 134).  The parties agreed on a trial schedule.  Two weeks after agreeing on the trial schedule, Defendants moved to sever and stay the case pending reexamination.  The Court denied Defendants' motion to stay and found that Defendants might be trying to gain an "unfair tactical advantage" and because "Defendants' request comes so close to trial and after all sides and the Court have invested enormous resources in this case."  (12-cv-1581-LPS, D.I. 152).  Having lost that motion, Trend now moves for leave to file a motion for judgment on the pleadings.

In the related case of *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-cv-1067-LPS (D. Del.), Symantec filed a letter to the Court the day after Trend filed its pending motion for leave.  (10-cv-1067-LPS, D.I. 600).  Symantec stated in its letter that it "intended to pursue its defense of invalidity for non-patentable subject matter under 34 U.S.C. § 101" and asked the Court how to raise the issue.  On November 20, 2014, the Court issued an oral order stating that "Symantec chose not to file a case-dispositive motion on § 101 grounds by the deadline for such motions" and that the Court would not address § 101 issues before the Symantec trial.  (10-cv-1067-LPS, D.I. 602).

## II. Summary of the Argument

Trend seeks leave (again) from the schedule to file a *motion for judgment on the pleadings* four years after the case was filed, a year and a half after the dispositive motion

deadline, and five months after the Supreme Court issued *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014).  The Court should deny Trend's motion for leave because:

- Trend's motion for leave does not address the applicable Rule 16(b) standard for failing to comply with the Court's scheduling order, which required dispositive motions to be filed on June 14, 2013.

- Trend failed to provide any reason (much less good cause) for why it could not have filed its § 101 motion before June 14, 2013.

- Trend failed to provide any reason (much less good cause) for waiting until November 2014, five months after the Supreme Court issued its opinion in *Alice*, to file its motion.

- IV will suffer extreme prejudice if Trend is allowed to flout the *agreed* scheduling order and trial schedule because the parties are on the verge of trial after investing enormous resources in this case.

- Trend's history of delay tactics and obstruction confirm that this motion is just the latest attempt to improperly prevent a full trial on all patents-in-suit.

### III.  Legal Standard

Trend's motion for leave does not apply the correct procedural rule.  Rule 16(b) governs Trend's motion for leave because the agreed scheduling order required all dispositive motions to be filed by June 14, 2013 – a year and a half ago.  "A Fed. R. Civ. P. 12(c) motion may be brought after a dispositive motions deadline if the moving party complies with the requirements of Fed. R. Civ. P. 16(b)."  TRACY B. FARRELL & JOHN R. KENNEL, 27A FED. PROC., L. ED. § 62:567 (2014). "Rule 12(c) does not restrict the court's discretion under Rule 16(b). . . . a Rule 12(c) motion may be brought after the dispositive motions deadline *if* the moving party complies with the requirements of Rule 16(b) *and* if it will not delay trial." *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995); *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (same).

Rule 16's stringent "good cause" test requires Trend to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not "reasonably be met despite the diligence of the party seeking the extension."  FED. R. CIV.

P. 16(b) advisory committee's note (1983); *see also Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008).  Courts consider several factors to decide if a movant has demonstrated good cause under Rule 16(b): (1) A movant's diligence in trying to comply with the schedule; (2) the movant's failure satisfactorily to explain delays necessitating schedule modifications; (3) the movant's previous failures to comply with the schedule and requests to extend it; and (4) the opposing party's prejudice from a late change to the schedule.  *See* 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1522.2 (3d ed. 2014) (collecting cases).

### IV.  Trend Has Not Shown Good Cause

A.  Trend Lacks Good Cause for Missing the (Extended) Dispositive Motion Deadline

Aside from misapplying Rule 12(c), Trend's sole argument for why it should be given leave to file its late motion is that on June 19, 2014, "the Supreme Court issued its decision in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014), which set forth the standards for deciding issues of patent eligibility under 35 U.S.C. § 101 for computer-implemented inventions."  (12-cv-1581-LPS, D.I. 159 at 1).  That is the full extent of Trend's good cause argument, and it is only notable for what it does <u>not</u> say.

First, Trend does not argue – because it cannot – that it did not believe it could make a § 101 defense before the Supreme Court's decision in *Alice*.  In fact, Trend's technical expert on validity – Avi Rubin – included arguments about § 101 in his reports served *months before the dispositive motion deadline* on June 14, 2013.  Trend was aware of its arguments under § 101, it just decided that they were not strong enough to raise in its dispositive motions.

Second, Trend does not argue – because it cannot – that the Supreme Court's decision in *Alice* was a significant departure from previous decisions.  When reading Trend's motion for leave, one would be forgiven for assuming that the Supreme Court in *Alice* reversed the Federal

3

Circuit and provided a new standard for deciding § 101 cases.  Not so.  In *Alice*, the Supreme

Court *affirmed* the Federal Circuit's plurality *en banc* decision that invalidated the patent-in-suit

under § 101.  The Federal Circuit's *en banc* decision was issued on May 10, 2013, which gave

Trend plenty of time to use the decision in its June 14, 2013 dispositive motions.  *See CLS Bank*

*Int'l v. Alice Corp. Pty.*, 717 F.3d 1269, 1283 (Fed. Cir. 2013) (en banc), cert. granted, 134 S. Ct.

734 (2013) and aff'd, 134 S. Ct. 2347 (2014).

Indeed, the Federal Circuit's plurality opinion in *CLS Bank*, and the Supreme Court's

opinion that affirmed it, both applied the same two-part test under § 101 that was set forth in

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. ----, 132 S.Ct. 1289

(2012).  Trend now states that the Supreme Court's *Alice* decision was notable because, "[i]n

particular, the Supreme Court held that 'mere recitation of a generic computer cannot transform a

patent-ineligible abstract idea into a patent eligible invention.'"  (12-cv-1581-LPS, D.I. 159 at 1)

(citing *Alice*, 134 S. Ct at 2357).  Trend fails to explain how that statement by the Supreme Court

justifies its late motion, especially considering that the Federal Circuit's plurality decision in

May 2013 said virtually the same thing, "In a claimed method comprising an abstract idea,

generic computer automation of one or more steps evinces little human contribution."  *CLS*

*Bank*, 717 F.3d at 1286 (Fed. Cir. 2013).

Third, Trend cannot argue that it could not have raised its Rule 12(c) motion before

June 14, 2013, because Trend's Rule 12(c) motion relies extensively on a Federal Circuit

decision issued long before that deadline.  (12-cv-1581-LPS, D.I. 159-1, Exh. A at 8, 9, 11)

(discussing *Cybersource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366 (Fed. Cir. 2011)).

Fourth,  Trend cannot argue that it is excused from raising § 101 issues before June 14,

2013 because *recent* opinions from the Federal Circuit cite and discuss the Supreme Court's

opinion in *Alice*. All of the 2014 Federal Circuit decisions cited by Trend in its Rule 12(c) motion were affirmances of trial court rulings on § 101 *motions that <u>were filed in the trial courts before June 14, 2013</u>*.

| Case | Were the § 101 motions filed in the trial court before June 14, 2013? |
|---|---|
| *buySAFE Inc. v. Google, Inc.*, 765 F.3d 135 (Fed. Cir. 2014) | Yes |
| *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014) | Yes |
| *Planet Bingo, LLC v. VKGS LLC*, No. 2013-1663, 2014 WL 4195188 (Fed. Cir. Aug. 26, 2014) | Yes |
| | Yes |

The parties in those cases were able to make their § 101 arguments to their respective trial courts before June 14, 2013, and they did. Trend was also able to make its § 101 motion before the dispositive motion deadline, but Trend simply decided that it had better arguments to raise in its dispositive motions.

B.     Trend Lacks Good Cause for Waiting Five Months After the Supreme Court Issued Its Decision in *Alice v. CLS Bank*

Even if the Supreme Court's *Alice* opinion provided Trend with good cause to file its late Rule 12(c) motion – which it does not – Trend's motion for leave should still be denied. The Supreme Court issued its opinion in *Alice* on June 19, 2014 – five months ago. *See Alice*, 134 S. Ct. 2347. Trend offers no excuse why it waited the past five months to file its Rule 12(c) motion. During that time the parties have been conducting extensive and costly preparations for trial under the schedule that Trend agreed to, and Trend now says that trial should not happen. Trend does not even have good cause for its five-month delay.

C.     Trend Cannot Raise New "Good Cause" Arguments In Its Reply Brief

Trend had the burden to show – in its motion for leave – that it could not reasonably have met the June 14, 2013 dispositive motion deadline despite due diligence. Trend failed address

the Rule 16(b) standard or offer any reason (much less a persuasive reason) why it waited to file a motion for judgment on the pleadings until November 2014 – four years after the case was filed, 17 months after the dispositive motion deadline, 18 months after the Federal Circuit's *en banc* decision in *Alice*, and five months after the Supreme Court affirmed the *Alice* decision.

Trend cannot overcome its failure by raising new arguments in its reply that should have been filed in its opening brief.  D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief").

## V.  Prejudice to IV

IV will be severely prejudiced if Trend is not held to its agreed-to schedule.  As the Court already held when rejecting Trend's last attempt to avoid a full trial by severing and staying the case, "Discovery is complete and a trial date is now set" and "only weeks ago all parties jointly proposed trial dates" without any indication that Defendants would file a new dispositive motion.  (12-cv-1581-LPS, D.I. 152).  Trend's Rule 12(c) motion, like its previous motion to sever and stay, "comes so close to trial and after all sides and the Court have invested enormous resources in this case."  (*Id.*)  Trend will suffer no prejudice "by proceeding to trial on essentially the schedule they themselves very recently proposed."  (*Id.*)  Here again, Trend is unfairly interfering with IV's trial preparations and attempting to thwart the trial altogether.

## VI. Defendants' Prior Failures to Follow the Agreed Schedule

When deciding whether a party has good cause for failing to follow the schedule, courts also consider the party's previous failures to comply with the schedule and the Court's previous extensions of the schedule.  The replay of this case establishes that this factor cuts strongly against Trend.

A.      2010-2012: Defendants' Seek Extensions to the Scheduling Order

Intellectual Ventures I LLC ("IV") filed this lawsuit on December 8, 2010.  (10-cv-1067-LPS, D.I. 1).   The original scheduling order required parties to amend their pleadings before May 25, 2012 and fact discovery concluded on September 21, 2012.   (10-cv-1067-LPS, D.I. 119). In late August 2012, based on Trend's request, the Court extended the fact discovery deadline to November 21, 2012, which pushed back subsequent deadlines. (8/31/2012 Hearing Tr.); (10-cv-1067-LPS, D.I. 403).  The new schedule required all dispositive motions to be filed by May 15, 2013, and provided that Trend could assert as many dispositive motions as it wished before May 15, 2013, as long as it did not exceed the page limits set by the Court. (10-cv-1067-LPS, D.I. 403 at 4, 6).

B.      2013: Defendants' Again Seek Leave For Missing Deadlines

In January 2013, Defendants moved for leave to amend the scheduling order to add antitrust affirmative defenses eight months after the deadline to amend pleadings and two months after fact discovery ended.   In their motions, Defendants represented to the Court that they "recently discovered" specific facts on which they based their new and unpleaded defenses. Defendants' representations were false, and the Court rejected them. (12-cv-1581-LPS, D.I. 134).   In its opinion, the Court walked through the "recently discovered" information and found that Defendants had all of that information before the pleadings deadline.   The Court held that Defendants not only fell short of *that* good cause standard for missing the deadline— Defendants even failed to clear a much lower plausibility threshold in attempting to amend its pleadings and delay trial.  (10-cv-1067-LPS, D.I. 573 at 44) ("In this light, *it is not plausible* that [Defendants] could not have gathered sufficient facts and evidence to support its antitrust claims prior to the pleading amendment deadline.").

7

In February 2013, the parties exchanged opening expert reports. Defendants were obviously aware of their potential defense under § 101 because their technical expert on validity – Dr. Avi Rubin – included discussions about § 101 in his expert report.

In April 2013, after the parties exchanged expert reports, Defendants also moved for leave to substitute three prior art references into their limit of 30 references. (10-cv-1067-LPS, D.I. 492). The original deadline for asserting 30 prior art references was May 4, 2012. (10-cv-1067-LPS, D.I. 208). The Court granted Defendants' request to substitute references, but, in order to mitigate the prejudice to IV, the Court allowed IV to conduct discovery on the new references and supplement its expert reports. That pushed the deadline for dispositive motions to June 14, 2013. (10-cv-1067-LPS, D.I. 501 at 2).

On May 10, 2013, the Federal Circuit issued its *en banc* decision in *CLS Bank*. *See CLS Bank*, 717 F.3d 1269.

C.   2013: Defendants Decide Not To Make § 101 Arguments in Their Dispositive Motions

On June 14, 2013, Trend filed a 40-page dispositive motion (not including exhibits) and made 6 different arguments why it was entitled to judgment as a matter of law.[1] (12-cv-1581-LPS, D.I. 71, 72 & 75). Under the agreed schedule, Trend was allowed to move for dismissal *using as many grounds as it wished*, as long as it kept its briefs within the generous page limits. (The same day, Trend also filed a separate 40-page *Daubert* motion that also touched on dispositive issues.) (12-cv-1581-LPS, D.I. 73–75).

The expense and effort that went into the briefing and oral argument for the dispositive and *Daubert* motions was immense. Ultimately, the parties filed hundreds of pages of briefs regarding the dispositive and *Daubert* motions. The Court heard four hours of oral argument on

---

[1] Before dispositive motions were exchanged, the parties all agreed on a briefing schedule. (10-cv-1067-LPS, D.I. 506).

pending motions on August 29, 2013.   And the Court issued a 49-page opinion denying Defendants' dispositive and *Daubert* motions on March 31, 2014.  (10-cv-1067-LPS, D.I. 573).

Defendants said nothing about asserting § 101 defenses in their dispositive motions or during oral argument.  Presumably, Trend put its best legal arguments in those motions.  Trend has only itself to blame for its decision that it was not worth arguing invalidity under § 101 in its dispositive motions.  Now that the Court has rejected Trend's dispositive and *Daubert* motions, Trend wants a do-over.

D.    2014: Defendants Agree on the Trial Schedule then Ask the Court to Disregard the Schedule and Stay the Case Two Weeks Later

After the Court issued its Memorandum and Opinion on pending motions in March 31, 2014, the parties conferred and agreed on a trial schedule.  On April 15, 2014, the parties filed a Joint Status Report requesting (1) a single trial between IV and Symantec in September 2014, and (2) a single trial between IV and Trend in December 2014.  (12-cv-1581-LPS, D.I. 139). The Court and parties ultimately moved the Symantec trial to January 2015 and the Trend trial to May 2015.  The parties also agreed on pre-trial deadlines for exchanging trial materials, like witness lists, exhibits, and motions *in limine*.  The pre-trial schedule does not provide the parties with another shot at dispositive motions.

Just two weeks after agreeing on the trial schedule, the Defendants tried to flout that schedule by moving to stay and sever the case pending a reexamination that Symantec filed a *year-and-a-half* earlier on September 12, 2012.  The Court quickly rejected the Defendants' attempt.  (12-cv-1581-LPS, D.I. 152).  The Court held, in part, that Defendants appeared to be seeking a tactical advantage in avoiding the fast-approaching trial dates under the schedule that they had agreed to:

> Discovery is complete and a trial date is now set (and only weeks ago all parties jointly proposed trial dates, without any indication Defendants would seek a

partial stay), and <u>more generally the stage or proceedings disfavors a stay,</u> <u>particularly as Defendants' request comes so close to trial and after all sides and</u> <u>the Court have invested enormous resources in this case. The Court is not</u> <u>persuaded that Defendants are not seeking an unfair tactical advantage,</u> and Defendants have articulated no persuasive grounds for finding they will be prejudiced by proceeding to trial on essentially the schedule they themselves very recently proposed, further disfavoring a stay.

(*Id.*) (emphases added).

It is plain now that after the Court denied Trend's dispositive motions on March 31, 2014, Defendants' back up plan was to sever and stay the case pending reexam to avoid a full trial on all patents-in-suit.  Defendants could have sought a stay at numerous points in the case, but made a tactical decision not to.  Now that their "Plan B" failed, Defendants are making another attempt to avoid a full trial by filing motions under § 101.  Defendants could have raised these issues in a Rule 12(b)(6) motion at the start of the case and they could have raised them in their dispositive motions.  Instead, they made strategic decisions not to file dispositive motions under § 101, and they only do so now because their other attempts at avoiding a full trial on all patents-in-suit failed.

In the related case of *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-cv-1067-LPS (D. Del.), the Court has already denied Symantec's attempt to derail trial by filing late § 101 motions.  The Court should likewise deny Trend's motion for leave.

## VII. <u>Conclusion</u>

This case has been pending for four years and the dispositive motion deadline passed a 17 months ago.  In that time, the parties and the Court have invested significant resources in the case. Trend has been represented by very capable counsel from the start of the case.  It is time to proceed to the trial, on the dates to which each defendant agreed.

Dated:  November 24, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Parker C. Folse III *(admitted pro hac vice)*
Brooke A.M. Taylor *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:     (206) 516-3880
Facsimile:     (206) 516-3883
pfolse@susmangodfrey.com
btaylor@susmangodfrey.com

Richard W. Hess (admitted *pro hac vice*)
John P. Lahad *(admitted pro hac vice)*
Weston O'Black (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:     (713) 653-7859
Facsimile:     (713) 654-3386
rhess@susmangodfrey.com
jlahad@susmangodfrey.com
woblack@susmangodfrey.com

*Counsel for Plaintiff*