IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TREND MICRO INCORPORATED and ) <br> TREND MICRO, INC. (USA), ) <br> ) <br> Defendants. ) | C.A. No. 12-1581 (LPS) <br><br> **REDACTED:** <br> **PUBLIC VERSION** |

# TREND MICRO'S OPENING BRIEF IN SUPPORT OF
# ITS ACCOUNTING OF ATTORNEYS FEES

OF COUNSEL:
Yar R. Chaikovsky
Philip Ou
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com
*Attorneys for Trend Micro Incorporated
and Trend Micro, Inc. (USA)*

Original Filing Date: October 11, 2017
Redacted Filing Date: October 18, 2017

## **TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDING ................................................................. 1
II.  SUMMARY OF ACCOUNTING AND ARGUMENT ........................................................ 1
III. STATEMENT OF FACTS ................................................................................................... 2
IV. ARGUMENT ........................................................................................................................ 3
    A.  Trend Micro's Accounting is Reasonable and Supported .................................................. 3
        1.   The hours expended are reasonable and supported ..................................................... 3
        2.   The time entries included in Trend Micro's accounting of fees fall within the scope of the relief sought and granted by the Court ...................................................... 5
        3.   The hourly rates of Trend Micro's counsel are reasonable ........................................ 6
        4.   Trend Micro's total attorneys' fees sought in this brief are reasonable and consistent with the average range of litigation fees for patent cases .................................... 7
V.  CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asahi Glass Co. v. Guardian Indus. Corp.*,
  No. 09-515-SLR, 2013 WL 936451 (D. Del. Mar. 11, 2013) .................................................3, 7

*Carey v. City of Wilkes-Barre*,
  496 F. App'x 235 (3d Cir. 2012) ......................................................................................................7

*Marctec, LLC v. Johnson & Johnson*,
  No. 07-cv-825, 2010 WL 680490 (S.D. Ill. Feb. 23, 2010), *aff'd* 664 F.3d 907
  (Fed. Cir. 2012) ..................................................................................................................................7

*Mathis v. Spears*,
  857 F.2d 749 (Fed. Cir. 1988) ........................................................................................................7

*Parallel Iron LLC v. NetApp, Inc.*
  84 F.Supp.3d 352 (D. Del. March 25, 2015) ..............................................................................4

**Statutes**

35 U.S.C. § 285 .......................................................................................................................................1

**I.  NATURE AND STAGE OF THE PROCEEDING**

On August 31, 2017, the Court granted the exceptional case motion under 35 U.S.C. § 285 ("Sanctions Motion", D.I. 244) filed by Defendants Trend Micro Inc. and Trend Micro, Inc. (USA) (collectively "Trend Micro").  *See* D.I. 263 (Oral Order).  Pursuant to the Court's directive during the August 31, 2017 hearing (*id.*), and the parties' September 8, 2017 Joint Status Report (D.I. 266), Trend Micro submits this opening brief and accompanying declarations and exhibits in support of its reasonable attorneys' fees to be awarded against Plaintiff Intellectual Ventures ("IV").

**II.  SUMMARY OF ACCOUNTING AND ARGUMENT**

Trend Micro respectfully requests a total award of attorneys' fees as set forth below:

| Lead Counsel Attorneys' Fees (Paul Hastings and McDermott) | ▮ |
|---|---|
| Delaware Counsel Attorneys' Fees (MNAT) | ▮ |

Consistent with the request in Trend Micro's Sanctions Motion and the Court's Oral Order during the August 31, 2017 hearing granting that motion, Trend Micro respectfully submits its accounting of attorneys' fees for the following activities: (a) activities associated with the briefing, argument, and orders relating to Trend Micro's Motion for Clarification of Certain Claim Constructions in Light of Plaintiffs' Untimely Change of Opinion ("Motion for Clarification"); (b) activities relating to the letter briefing ordered by the Court regarding the potential inclusion of "frequency" in the claim constructions; (c) activities to respond to IV's change of opinion, including work with experts; and (d) activities to date concerning the Sanctions Motion (*i.e.,* fees for fees).  D.I. 246, Bartow Decl. at ¶ 3.

The amount of fees incurred by Trend Micro and sought herein are both reasonable and supported by the attached declarations of Yar R. Chaikovsky, Philip Ou and Karen Jacobs, and their accompanying exhibits which include detailed invoices of time entries billed to Trend Micro for activities falling within the scope of the relief sought.

This was a case of significant magnitude where IV sought nearly ████████ in damages for alleged infringement from Trend Micro, where the majority of those alleged damages were attributable to alleged infringement of the '050 Patent.  The 2017 *Economic Survey* published by the American Intellectual Property Law Association ("AIPLA") reports that the average cost to litigate a patent infringement case of similar stakes (> $25 Million) in Eastern states ranges from $3.8 to $4.5 million and that the range between first and third quartile data on total fees spans from $1.4 to $6.9 million.  Although the scope of relief sought in Trend Micro's motion was limited to the aforementioned activities, and understandably, accounts for only a fraction of what is contemplated in these ranges, the activities were significant given the nature and timing of the exceptional conduct and its impact on the overall litigation.  Moreover, the billing rates of Trend Micro's attorneys are generally consistent with rates provided by the *Economic Survey*, a useful metric relied on by courts to confirm the reasonableness of attorney billing rates submitted in support of an accounting for attorneys' fees.

Under the totality of the circumstances, Trend Micro's requested award is more than reasonable and supported.

### III.   STATEMENT OF FACTS

As discussed in detail in Trend Micro's opening brief (D.I. 245) and reply brief (D.I. 258) in support of its Sanctions Motion and during the August 31, 2017 hearing on Trend Micro's motion, the exceptionality finding by the Court centered around the disclosure of a new opinion regarding the '050 patent by IV's expert, Dr. Patrick McDaniel, on cross-examination during the

trial against Symantec, Dr. McDaniel's admission under oath that he was disclosing a new opinion, and IV's subsequent attempts to persuade the Court that Dr. McDaniel did not change his opinion in briefs, during the April 10, 2015 hearing and in response to Trend Micro's Sanctions Motion.

Trend Micro filed the Sanctions Motion on February 2, 2017. (D.I. 244). The Court held a hearing on August 31, 2017. At its conclusion, the Court issued an Oral Order granting the Sanctions Motion and directing the parties to meet and confer on a procedure for submitting an updated accounting of fees such that the Court could effectuate the relief granted. D.I. 264 at 61:11-17.

## IV. ARGUMENT

### A. Trend Micro's Accounting is Reasonable and Supported

"The Court calculates attorneys' fees pursuant to the 'lodestar' approach. The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates." *Asahi Glass Co. v. Guardian Indus. Corp.,* No. 09-515-SLR, 2013 WL 936451, at *1 (D. Del. Mar. 11, 2013) (internal citation omitted).

#### 1. The hours expended are reasonable and supported

Trend Micro is represented in this case by Paul Hastings LLP ("Paul Hastings") and Morris, Nichols, Arsht & Tunnel LLP ("MNAT"). For a portion of the case, Trend Micro was also represented by McDermott Will & Emery LLP ("McDermott"), when some of the Paul Hastings attorneys were still at McDermott. Trend Micro has submitted detailed time records reflecting the work of Paul Hastings, McDermott and MNAT on this case on behalf of Trend Micro that falls within the scope of the relief sought in Trend Micro's motion and granted by the
3

Court. This work occurred between January and May of 2015 and January 2017 through the present and the relevant invoices are submitted herewith. Ou Decl., Ex. A; Jacobs Decl. Ex. 1.

The hours expended by Trend Micro's counsel were reasonable given the nature and circumstances of the case. The alleged damages sought by IV in this case were significant – in the neighborhood of ▇▇▇▇▇▇▇▇ Dr. McDaniel's change in testimony during the Symantec trial occurred just months before Trend Micro's scheduled trial, and significantly impacted Trend Micro's trial preparation. As explained in Trend Micro's prior briefing, Trend Micro was forced to engage in significant activities as a direct result of Dr. McDaniel's new expert opinion and IV's subsequent opposition to the relief Trend Micro sought in view of the new opinion, including: (a) briefing, argument, and orders relating to Trend Micro's Motion for Clarification; (b) activities relating to the letter briefing ordered by the Court regarding the potential inclusion of "frequency" in the claim constructions; (c) activities to respond to IV's change of opinion, including work with experts; and (d) activities concerning the Sanctions Motion. D.I. 246, Bartow Decl. at ¶ 3.

Activities relating to (a) – (c) occurred between January 2015 immediately following Dr. McDaniel's change in testimony during the Symantec trial and continued through April 2015. Activities relating to (d), the fees incurred in connection with the fee motion itself, began in May 2015, but primarily occurred between January 2017, after the Federal Circuit issued a mandate as to IV's Notice of Appeal (D.I. 240), and the present. *Parallel Iron LLC v. NetApp, Inc.* 84 F.Supp.3d 352, 360 (D. Del. March 25, 2015) ("[T]he universal rule in fee-shifting statutes is that a party may recover fees incurred in connection with bringing a fee motion."); D.I. 264 at 61:7-10. The details of these activities are shown in the invoices attached as Exhibit A to the Ou Decl. and Exhibit 1 of the Jacobs Decl. In addition, the number of hours billed by each team

member to Trend Micro each month that are included as part of this accounting of fees are summarized in Exhibit B to the Ou Decl. and Exhibit 2 of the Jacobs Decl.

As explained in the Ou Decl. (¶ 11) and Chaikovsky Decl. (¶ 6), in some instances work was performed relating to the activities that fall within the scope of the relief sought by Trend Micro, but the time entries were ultimately not billed to Trend Micro ███████ ████████. In these instances, the recorded time entry is still reflected in the invoice, but the amount billed to Trend Micro is zero. These time entries are shown in the invoices, but because they were not billed to Trend Micro, they are not included in any accounting of fees in support of Trend Micro's motion. Trend Micro respectfully submits though that the relevant work performed, although not ultimately billed to Trend Micro, further supports the reasonableness of the overall amount incurred and requested in this motion.

Moreover, as reflected in the invoices at Exhibits 1 and A, the amount of billed time unrelated to the relief sought in Trend Micro's Sanctions Motion and not included in this accounting of fees was significant and several multiples of the amount that Trend Micro seeks in its accounting of fees. For example, the total amount billed to Trend Micro from McDermott and Paul Hastings between January 2015 and April 2015 was approximately ████████ (invoices 2739331, 2748556, 2755292, 2761021, 277030 and 2050455). Ex. A. Less than ███ of that amount has been included in Trend Micro's accounting of fees as billed time entries that fall within the scope of relief sought by Trend Micro.

2. **The time entries included in Trend Micro's accounting of fees fall within the scope of the relief sought and granted by the Court**

The total amount sought by Trend Micro in this accounting of fees is only a small percentage of the total spent by Trend Micro in defending this case against IV. Adhering to the scope of relief sought in the Sanctions Motion and the Court's Oral Order, Trend Micro

5

undertook a meticulous analysis of its invoices to ensure that the billed time entries in support of its accounting of fees reasonably fell within the scope of the relief sought in the Sanctions Motion.

As the detailed invoices show, and as explained in the accompanying declarations, certain time entries also have been annotated with apportioned amounts of time where the description of the time billed included tasks that fell within the scope of relief sought in Trend's Sanctions Motion, but also included tasks falling outside the scope of the relief sought in Trend's motion. Ou Decl., ¶ 9; Jacobs Decl., ¶ 9. In these circumstances, Trend Micro's attorneys used their best judgment to allocate a portion of the time entry to the tasks that fell within the scope of relief sought and to exclude the remainder of the time billed for that entry. *Id.*

Trend Micro believes that the amount of time actually spent by Trend Micro's attorneys that reasonably falls within the scope of the relief sought by Trend Micro is likely more than what has been apportioned and included in Trend Micro's accounting of fees and accordingly, the apportionment done by Trend Micro is conservative. Moreover, numerous time entries shown in the invoices reflect work that fell within the scope of the relief sought by Trend Micro, but that was ultimately not billed to Trend Micro ███████████████████████. *See, e.g.*, Ex. A, Invoice No. 2748556 (certain time entries from Feb. 1, 2, 3, 4, 11, 23, 24, 26 and 28). Trend Micro respectfully submits that this unbilled, but relevant time, further supports the reasonableness and conservative nature of its accounting of fees.

3. **The hourly rates of Trend Micro's counsel are reasonable**

The hourly rates charged by Trend Micro's counsel are reasonable given the character of the litigation and the "skill, expertise and reputation" of the lawyers performing the services. *Carey v. City of Wilkes-Barre*, 496 F. App'x 235, 236 (3d Cir. 2012). Courts often look at the AIPLA's *Economic Survey*, which reports the average billing rates for intellectual property

6

attorneys based on their degree of experience. *See, e.g., Asahi*, 2013 WL 936451, at *3; *Marctec, LLC v. Johnson & Johnson*, No. 07-cv-825, 2010 WL 680490, at *11 (S.D. Ill. Feb. 23, 2010), *aff'd* 664 F.3d 907 (Fed. Cir. 2012). The average nationwide billing rates based on the *Economic Survey* for partners and associates in large national law firms from 2014 and 2016 are shown below:

| Year | Billing Rates (Associates) *Economic Survey 25% to 75%* | Billing Rates (Partners) *Economic Survey 25% to 75%* |
| --- | --- | --- |
| 2014 | $398 - $538 | $449 - $658 |
| 2016 | $594 - $868 | $669 - $984 |

Courts, including in this district, have generally found that rates consistent with the *Economic Survey* rates are reasonable. *See Asahi*, 2013 WL 936451, at *3 (rates reasonable because they were "consistent with" the *Economic Survey* rates); *Mathis v. Spears*, 857 F.2d 749 (Fed. Cir. 1988) (affirming rates "were reasonable" because they "generally corresponded to those presented in the [AIPLA] surveys"). The billing rates for Trend Micro's attorneys, as shown in the invoices and exhibits, are generally consistent with these average rates, and therefore reasonable.[1]

    4. **Trend Micro's total attorneys' fees sought in this brief are reasonable and consistent with the average range of litigation fees for patent cases**

The total amount of fees sought by Trend Micro in this accounting is also reasonable. As explained above, this was a case of significant magnitude where IV sought ▇▇▇▇ in damages for alleged infringement from Trend Micro, where the majority of those alleged

---

[1] While the disclosed data is relatively limited, a 2015 Revenue Management Report provided by PricewaterhouseCoopers LLP for law firms in Wilmington, Delaware further supports the reasonableness of the billing rates for Trend Micro's attorneys. Ou. Decl., Ex. E.

damages were attributable to alleged infringement of the '050 Patent—the patent for which Dr. McDaniel provided a new opinion during the Symantec trial and at the centerpiece of what the Court found exceptional.  The 2017 AIPLA *Economic Survey* reports that the average cost to litigate a patent infringement case of similar stakes (> $25 Million) in Eastern states ranges from $3.8 to $4.5 million and that the range between first and third quartile data spans from $1.4 to $6.9 million.  Ou Decl., Ex. D (2017 AIPLA *Economic Survey*) at I-117.  The scope of relief sought in Trend Micro's Sanctions Motion (and ultimately granted by the Court) was limited to certain activities.  Those activities were significant, yet the economics in comparing the amount sought with the (1) the typical range of attorneys' fees spent in defending a patent case of this magnitude and (2) the actual amounts spent by Trend Micro in defending this patent case and relatively small proportion of those amounts being attributed to the relief sought, demonstrate that the total amount requested is reasonable.

## V.     CONCLUSION

For the foregoing reasons, Trend Micro respectfully requests that the Court award Trend Micro fees totaling ▓▓▓▓▓▓▓▓ including any supplemental accounting to be provided to IV and the Court no later than Trend Micro's reply brief.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com
   *Attorneys for Trend Micro Incorporated*
   *and Trend Micro, Inc. (USA)*

OF COUNSEL:

Yar R. Chaikovsky
Philip Ou
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1800

October 11, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 11, 2017, upon the following individuals in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan, III<br>Brian E. Farnan<br>FARNAN LLP<br>919 N. Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Parker C. Folse III<br>Brooke A.M. Taylor<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA  98101-3000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| John P. Lahad<br>Weston O'Black<br>Richard W. Hess<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX  77002<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*
Karen Jacobs (#2881)