IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-1581 (LPS) |
| v. | ) | |
| | ) | |
| TREND MICRO INCORPORATED and | ) | **REDACTED:** |
| TREND MICRO, INC. (USA), | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | ███████████████ |

**DECLARATION OF PHILIP OU IN SUPPORT OF TREND MICRO'S
ACCOUNTING OF ATTORNEYS' FEES**

I, Philip Ou, declare and state as follows:

1.       I am Of Counsel with the law firm of Paul Hastings LLP ("Paul Hastings"), and counsel for Defendants Trend Micro Incorporated and Trend Micro, Inc. (USA) (collectively, "Trend Micro") in the above-captioned litigation.  I was previously a partner and an associate at the law firm of McDermott Will & Emery LLP ("McDermott"), also counsel for Trend Micro.  I submit this declaration supporting the accounting of attorneys' fees submission by Trend Micro based on personal knowledge following a reasonable investigation.  If called upon as a witness, I could competently testify to the truth of each statement herein.

2.       Paul Hastings has represented Trend Micro since approximately April 2015.  Prior to April 2015, McDermott represented Trend Micro since the litigation commended in 2010.

3.       A summary of the total amount of attorneys' fees incurred for Trend Micro for work performed by Paul Hastings and McDermott from January 2015 through our last submitted invoice to Trend Micro (for work through August 2017) that falls within the scope of Trend Micro's motion (D.I. 244) is set forth in the table below:

Table 1: Compensable Attorneys' Fees

| Attorneys' Fees |
|:---:|
|  |

4.      These amounts were billed by McDermott and Paul Hastings to Trend Micro, and subsequently paid by Trend Micro with the exception of invoices recently submitted to Trend Micro that have yet to be paid.

5.      As support for Table 1, I have attached as Exhibit A to this declaration true and correct copies of the relevant monthly invoices from McDermott and Paul Hastings for the above-referenced time period.  The descriptive nature in the detailed time entries included in these monthly invoices reflect the actual, contemporaneous narratives written by the timekeepers, as reviewed and edited by me, my colleague Yar R. Chaikovsky and/or my former colleague, D. Stuart Bartow, as billing timekeepers prior to submission.  The following invoice numbers and corresponding invoice dates are included in Exhibit 1:

| Firm | Invoice No. | Date |
|:---:|:---:|:---:|
| McDermott | 2739331 | February 19, 2015 |
| McDermott | 2748556 | March 11, 2015 |
| McDermott | 2755292 | March 26, 2015 |
| McDermott | 2761021 | April 30, 2015 |
| McDermott | 2777030 | May 31, 2015 |
| Paul Hastings | 2050455 | May 31, 2015 |
| Paul Hastings | 2052691 | June 18, 2015 |
| Paul Hastings | 2114856 | February 28, 2017 |
| Paul Hastings | 2118250 | March 31, 2017 |
| Paul Hastings | 2121574 | April 30, 2017 |
| Paul Hastings | 2130530 | July 28, 2017 |
| Paul Hastings | 2132784 | August 25, 2017 |
| Paul Hastings | 2136395 | September 30, 2017 |

2

6.      As further support for Table 1, I have attached as Exhibit B summary tables of the hours billed, billing rates, and total amount of attorneys' fees sought in this accounting of attorneys' fees submission on a monthly basis.

7.      McDermott and Paul Hastings timekeeper records are entered into a time and billing system on a regular basis.  Only the fees actually incurred by Trend Micro are included in this motion.

8.      I have only included invoices that include billed time that falls within the scope of the relief sought in Trend Micro's motion (D.I. 244).  From these invoices, the time entries that do not fall within the scope of relief sought by Trend Micro and for which Trend Micro does not include in its accounting of attorneys' fees have been redacted.  Information that is subject to the attorney-client privilege, the attorney work product doctrine, and/or any applicable privileges, protections or immunities may also be included in the redactions.  Trend Micro has authorized me to submit un-redacted copies of Exhibit A for *in camera* review by the Court upon request.

9.      Certain time entries also have been annotated where the description of the time billed included tasks that fell within the scope of relief sought in Trend's motion, but also included tasks falling outside the scope of the relief sought in Trend's motion.  In these circumstances, I used my best judgment to allocate a portion of the time entry to the tasks that fell within the scope of relief sought in Trend's motion and to exclude the remainder of the time billed for that entry.

10.      Trend Micro will continue to incur fees through the conclusion of this accounting of attorneys' fees submission, will provide IV with any supplemental information and exhibits prior to its responsive deadline, and update the Court with the supplemental information and exhibits as part of its reply brief.

11.     I have reviewed the time entries included with Exhibit A and believe the narrative entries reflect a reasonable amount of time devoted to the described tasks, and that each task was reasonably necessary to the matters for which fees are being sought.  For invoices starting from July 2015, the first review by me occurred at the time of billing.  In that review, I used my regular and ordinary billing judgment to examine the recorded time entries and ensure that the recorded time was reasonable, *e.g.,* that it was not excessive, redundant, or otherwise unnecessary to the litigation, and that any excess amounts were written off.  In some instances, I believed that the recorded time entries were reasonable, but the recorded time entries were nevertheless not billed to Trend Micro ███████████████████   In these instances, the recorded time entry is still reflected in the invoice, but the amount billed to Trend Micro is zero. Some of these recorded time entries fall within the scope of the relief sought in Trend Micro's motion, but because they were not billed to Trend Micro, are not included in the accounting of fees in support of Trend Micro's motion.

12.     I performed this review from the same perspective I used when preparing bills for other clients with hourly fee billing agreements and in accordance with the Rules of Professional Conduct. I also performed a review of all of the time entries included with Exhibit A in connection with preparing this declaration and have reached the same conclusion that each task was reasonably necessary to the matters for which fees are being sought and that the time entries reflect a reasonable amount of time devoted to the described tasks.

13.     As reflected in Exhibit A, the following attorneys and paralegals performed work on this matter at the billing rates reflected in the invoices and in Exhibit B, which were generally consistent with the standard, hourly rates charged to the firm's fee-paying clients at the time:

(a)     <u>Paul Hastings</u>: Yar Chaikovsky (lead counsel, partner); Blair Jacobs (partner); Stuart Bartow (partner); Philip Ou (counsel); Bryan James (associate); Bruce Yen

(associate); Soyoung Jung (associate); Sophie Sung (associate); Howard Yuan (associate); Koichiro Kidokoro (associate); Alexander Lee (associate); and Daniel Trevino (paralegal).

(b)   <u>McDermott</u>: Yar Chaikovsky (partner, until March 2015); David Larson (partner); Christopher Bright (partner); Stuart Bartow (partner, until March 2015); Bryan James (associate, until April 2015); Bruce Yen (associate, until April 2015); Gregory Yoder (associate); Daniel Trevino (paralegal, until April 2015); and Heather Rawson (paralegal).

14.    The hourly billing rates of Paul Hastings and McDermott attorneys generally track experience and years at the firm and similar to fees charged to other clients for similar matters.

15.    I believe that the billing rates charged by Paul Hastings and McDermott as reflected in Exhibits A and B are in line with prevailing market rates.  This is supported by the American Intellectual Property Law Association's *Report of the Economic Survey* ("AIPLA Report"), an annual report analyzing economic aspects of intellectual property practice, including attorney billing rates and costs for various types of intellectual property litigation.  A true and correct copy of excerpts of the AIPLA Reports for 2015 and 2017 are attached as Exhibits C and D respectively.  Although the data is relatively limited, I believe that the billing rates are further supported by a 2015 Revenue Management Report provided by PricewaterhouseCoopers LLP for law firms in Wilmington, Delaware.  A true and correct copy of the 2015 Revenue Management Report is attached as Exhibit E.

16.    In my experience, the total fees incurred by Paul Hastings and McDermott that fall within the scope of Trend Micro's requested relief were reasonable and necessary to accomplish the tasks assigned by Trend Micro.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 11th day of October 2017.

_____/s/ Philip Ou_____
Philip Ou