IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-1581 (LPS) |
| v. | ) | |
| | ) | **REDACTED:** |
| TREND MICRO INCORPORATED and | ) | **PUBLIC VERSION** |
| TREND MICRO, INC. (USA), | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF KAREN JACOBS IN SUPPORT OF TREND MICRO'S ACCOUNTING OF ATTORNEYS' FEES

I, Karen Jacobs, declare and state as follows:

1. I am a partner with the law firm of Morris, Nichols, Arsht & Tunnel LLP ("MNAT"), and counsel for Defendants Trend Micro Incorporated and Trend Micro, Inc. (USA) (collectively, "Trend Micro") in the above-captioned litigation. I submit this declaration supporting the accounting of attorneys' fees submission by Trend Micro based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. MNAT has represented Trend Micro since the litigation commenced in 2010.

3. A summary of the total amount of attorneys' fees incurred by MNAT for Trend Micro for work performed from February 2015 through our last submitted invoice to Trend Micro (for work through September 2017) that falls within the scope of Trend Micro's motion (D.I. 244) is set forth in the table below:

Table 1: Compensable Attorneys' Fees



| **Attorneys' Fees** |
|---|
|  |

4. These amounts, with the exception of the most recently submitted invoice, were paid by McDermott Will & Emery LLP ("McDermott") or Paul Hastings LLP ("Paul Hastings") on behalf of Trend Micro. I understand that Paul Hastings or McDermott paid these amounts after including the MNAT invoices in Paul Hastings's or McDermott's invoices to Trend Micro.

5. As support for Table 1, I have attached as Exhibit 1 to this declaration true and correct copies of MNAT's monthly invoices for the above-referenced time period. The descriptive nature in the detailed time entries included in these monthly invoices reflect the actual, contemporaneous narratives written by the timekeepers, as reviewed and edited by me as billing timekeeper prior to submission. The following invoice numbers and corresponding invoice dates are included in Exhibit 1:

| Invoice No. | Date |
| --- | --- |
| 966236 | March 12, 2015 |
| 968064 | April 15, 2015 |
| 969150 | May 12, 2015 |
| 970503 | June 16, 2015 |
| 994076 | February 7, 2017 |
| 995357 | March 9, 2017 |
| 996354 | April 10, 2017 |
| 1701989 | July 13, 2017 |
| 1704806 | September 19, 2017 |
| 1705618 | October 10, 2017 |

6. As further support for Table 1, I have attached as Exhibit 2 summary tables of the hours billed, billing rates, and total amount of attorneys' fees sought in this accounting of attorneys' fees submission on a monthly basis.

7. MNAT timekeeper records are entered into a time and billing system on a regular basis. Only the fees actually incurred by Trend Micro are included in this motion.

8. I have only included invoices that include billed time that falls within the scope of the relief sought in Trend Micro's motion (D.I. 244). From these invoices, the time entries that do not fall within the scope of relief sought by Trend Micro and for which Trend Micro does not include in its accounting of attorneys' fees have been redacted. Information that is subject to the attorney-client privilege, the attorney work product doctrine, and/or any applicable privileges, protections or immunities may also be included in the redactions. Trend Micro has authorized me to submit un-redacted copies of Exhibit 1 for *in camera* review by the Court upon request.

9. Certain time entries also have been annotated where the description of the time billed included tasks that fell within the scope of relief sought in Trend's motion, but also included tasks falling outside the scope of the relief sought in Trend's motion. In these circumstances, Paul Hastings and I used our best judgment to allocate a portion of the time entry to the tasks that fell within the scope of relief sought in Trend's motion and to exclude the remainder of the time billed for that entry. For example, Invoice No. 995357 has billed time entries that relate to both Trend Micro's motion for fees (within the scope of Trend Micro's relief) and Trend Micro's bill of costs (outside the scope of Trend Micro's relief). In MNAT's accounting of fees, only 50% of the time billed in these time entries was allocated to the accounting of fees as falling within the scope of Trend Micro's relief.

10. Trend Micro will continue to incur fees through the conclusion of this accounting of attorneys' fees submission, will provide IV with any supplemental information and exhibits prior to its responsive deadline, and update the Court with the supplemental information and exhibits as part of its reply brief.

11.    I have reviewed the time entries included with Exhibit 1 and believe the narrative entries reflect a reasonable amount of time devoted to the described tasks, and that each task was reasonably necessary to the matters for which fees are being sought. The first review occurred at the time of billing. In that review, I used my regular and ordinary billing judgment to examine the recorded time entries and ensure that the recorded time was reasonable, *e.g.,* that it was not excessive, redundant, or otherwise unnecessary to the litigation, and that any excess amounts were written off. I performed this review from the same perspective I used when preparing bills for other clients with hourly fee billing agreements and in accordance with the Rules of Professional Conduct. I performed a second review in connection with preparing this declaration and have reached the same conclusion.

12.    As reflected in Exhibit 1, the following attorneys performed work on this matter at the billing rates reflected in the invoices, where were the standard, hourly rates generally charged to the firm's fee-paying clients at the time:

    (a)    I served as the primary partner on this matter. I was responsible for activities assigned by Paul Hastings or McDermott, for performing many of the day to day activities of Delaware counsel and for supervising the MNAT team.

    (b)    Michael Flynn, Associate, assisted with day to day activities of Delaware counsel, including the drafting of various papers and filings for the court.

13.    In addition, the MNAT attorney team was assisted by the following paralegals and litigation support staff: Robyn (Sinclair) Shapiro (paralegal), Beth Ann Chard (case clerk), and Joan Smith (case clerk).

14.    MNAT attorneys were responsible for advising Paul Hastings, McDermott and Trend Micro on the District of Delaware local practices and the application of the Court's local rules and orders. MNAT attorneys also reviewed and commented on substantive papers, were responsible for all filings, and attended all hearings. Paul Hastings or McDermott from time to

time asked for assistance on researching various legal issues related to the litigation and within the scope of Trend Micro's motion.

15.     The hourly billing rates of MNAT attorneys generally track experience and years at the firm and are similar to fees charged to other clients for similar matters.

16.     I believe that the billing rates charged by MNAT as reflected in Exhibits 1 and 2 are in line with prevailing market rates.  This is supported by the American Intellectual Property Law Association's *Report of the Economic Survey* ("AIPLA Report"), an annual report analyzing economic aspects of intellectual property practice, including attorney billing rates and costs for various types of intellectual property litigation.  I understand that a true and correct copy of excerpts of the AIPLA Reports for 2015 and 2017 are attached as exhibits to the Declaration of Philip Ou.

17.     In my experience, the total fees incurred by MNAT that fall within the scope of Trend Micro's requested relief were reasonable and necessary to accomplish the tasks assigned by Trend Micro.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 11th day of October 2017.

/s/ *Karen Jacobs*
_____
Karen Jacobs