IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1581-LPS |
| TREND MICRO INCORPORATED and TREND MICRO INC. (USA), | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Having reviewed the parties' briefing relating to Defendants Trend Micro Inc. (USA) and Trend Micro Incorporated's (collectively, "Trend") Motion in Support of Accounting of its Attorneys Fees, and in view of the Court's August 31, 2017 order granting Trend's motion for partial attorneys fees and declaring this case exceptional (*see* D.I. 264 at 55), IT IS HEREBY ORDERED that Defendants' motion (D.I. 272) is GRANTED.

1. In calculating reasonable attorney fees, the Court employs the "lodestar" approach. *See Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). The Third Circuit has defined the lodestar approach as "the 'initial estimate of a reasonable attorney's fee [which] is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Student Pub. Interest Research Grp. of N.J. v. AT&T Bell Labs.*, 842 F.2d 1436, 1441 (3d Cir. 1988) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1984); *see also Rode v. Dellarciprete*, 892 F.2d 1177,

1183 (3d Cir. 1990). Trend bears the burden of establishing the reasonableness of both the time expended and the hourly rates. *See Hensley*, 461 U.S. at 437; *Blum*, 465 U.S. at 895 n.11. The Court may exclude from the lodestar calculation unnecessary hours or hours that lack proper documentation. *See Hensley*, 461 U.S. at 433.

2. Trend seeks a total award of $444,051.14, split into $407,932.39 in lead counsel fees and $36,118.75 in Delaware counsel fees. (D.I. 286 at 1) Trend bases its request on four categories: "(a) activities associated with the briefing, argument, and orders relating to Trend Micro's Motion for Clarification of Certain Claim Constructions in Light of Plaintiffs' Untimely Change of Opinion ('Motion for Clarification'); (b) activities relating to the letter briefing ordered by the Court regarding the potential inclusion of 'frequency' in the claim constructions; (c) activities to respond to IV's change of opinion, including work with experts; and (d) activities to date concerning the Sanctions Motion (*i.e.*, fees for fees)." (D.I. 273 at 1)

3. Plaintiff Intellectual Ventures I LLC ("IV") objects to Trend's accounting on multiple grounds, contending: (1) time spent on the expert reports of Dr. Rubin and Dr. Prakash are unrelated to Dr. McDaniel's changed testimony; (2) Trend's accounting for "supplemental expert reports" is vague and duplicative; (3) time related to adding "frequency" to the Court's claim construction is unconnected to Dr. McDaniel's changed opinion; (4) Trend's time spent on internal correspondence and communications is excessive and vague; (5) Trend improperly relies on an independent attorney's "best judgment" to allocate time for his own and other attorneys' billing entries; (6) Trend's billing reflects unnecessary overstaffing; and (7) Trend's fees are inflated by unusually high hourly rates. (*See* D.I. 282)

4. The Court finds Trend's accounting reasonable. All of Dr. Rubin's supplemental

report (discussing Dr. McDaniel's changed testimony and the Chen '170 patent) and part of Dr. Prakash's supplemental report (the portion corresponding to work done prior to the April 10, 2015 hearing, relating to IV's reexamination statements analyzed in the context of Dr. McDaniel's newly-disclosed opinion) were responsive to Dr. McDaniel's testimony, and Trend has apportioned its accounting accordingly. Trend has similarly apportioned the time spent on "supplemental expert reports" – including only time coming within the scope of relief granted by the Court at the August 31, 2017 hearing. The Court agrees with Trend that its time spent seeking to add "frequency" to the construction of the "characteristic" terms – and not just the time spent seeking to clarify the construction of "bulk" – is a direct result of Dr. McDaniel's changed opinion and, thus, is properly included in Trend's accounting.

5. Each of IV's additional objections – relating to internal communications, Mr. Ou's reasonable guesses, overstaffing, and inflated hours – is unpersuasive. They do not require any further discussion.

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE this case.

September 24, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE