

January 8, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
Chief Judge, U.S. District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

  Re: *Intellectual Ventures I LLC v. Trend Micro Incorporated et al.*,
     C.A. No. 12-cv-1581-LPS

Dear Chief Judge Stark:

  Plaintiff Intellectual Ventures I LLC ("IV") submits this response to the December 30, 2019 letter from Defendants Trend Micro Incorporated and Trend Micro (USA) Inc. (collectively, "Trend Micro") (D.I. 306).

  In its letter, Trend Micro argues that "it is clear from this Court's rulings that the Court found the case to be exceptional." D.I. 306 at 2. As this Court repeatedly noted during the August 31, 2017 hearing on Trend Micro's §285 motion, it did not find this *case* to be exceptional. Trend Micro seizes on statements made at the hearing but ignores the Court's explicit findings that this case overall was not exceptional and was not objectively unreasonable. Indeed, the Court went to great lengths to cabin its exceptionality ruling to the limited set of circumstances involving IV's expert's trial testimony and subsequent claim construction argument. Trend Micro's use of cherry-picked, out-of-context statements should be rejected and its request for fees should be denied.

  At the hearing, the Court explained the bases for its ruling, including several findings that counseled against granting Trend Micro's motion. First, the Court found that "IV's case was not objectively unreasonable" in part because IV "prevailed on a great deal" of the litigation between the parties. D.I. 264 at 56. Second, the Court considered the "closely related question of whether the case overall is exceptional" and expressly found that it was not. *Id*. at 57. The Court said, "It was, for the most part, while hard fought, highly litigious, a case I will remember, sure, but does it stand out in a way that makes it exceptional overall? **It does not. It does not.**" *Id*. (emphasis added). Finally, the Court also ruled that Trend Micro had not proven that IV deliberately planned and executed the reversal of substantive positions during its expert's testimony at trial against Symantec. *Id*.

  The Court then explained the factors that favored granting Trend Micro's relief and focused on the expert's trial testimony and IV's argument in opposition to a modification of the construction of "indication of a characteristic" in claim 9 of the '050 Patent. The Court explained that the "acts" that occurred were "specifically that the expert witness belatedly, very late, at cross-examination at trial, disclosed a new opinion" and that IV later "oppose[d] all relief based on that admitted late disclosure" and "tr[ied] to persuade me that the expert did not change his opinion." *Id*. at 57-58. The Court then said:

> So then I asked, do <u>these circumstances that I have just described</u> that favor the relief sought by Trend Micro, do those stand out from others with respect to the substantive strength of what IV's litigation position was with respect to <u>these very narrow questions</u> of Dr. McDaniel, his testimony at trial, and trying to put that testimony in a position where the effort was to persuade the Court that no relief at all was warranted? Does all of that stand out from other cases, from all the other portions of this case in terms of either the substantive strength of a position IV was advocating or the manner with which IV was litigating? And the answer to that is, yes, <u>solely with respect to this collection of circumstances regarding Dr. McDaniel's changed testimony</u>.

*Id*. at 58-59 (emphasis added). The Court thus made it abundantly clear that it was awarding fees based on exceptionality of the limited "collection of circumstances" and not the broader case.

In addition to the Court's unequivocal statements, the context of the proceedings confirms that the case overall was not exceptional. As the Court noted (and as Trend Micro conceded at the hearing, D.I. 264 at 16), IV had just prevailed at trial against Symantec, especially with respect to the validity of the '050 Patent's three asserted claims, and Trend Micro was set to use the same invalidity expert and art at its trial. The trial testimony and subsequent claim construction only affected one of the three asserted claims of the '050 Patent. And the modified construction did not affect IV's infringement claims or its damages model, did not give Trend Micro a new non-infringement or invalidity argument, and did not otherwise alter the nature of the case going forward. But for the Court's §101 ruling, trial was set to proceed against Trend Micro. This was not a situation in which the modified construction rendered continued prosecution of the case unreasonable or exceptional.

The Federal Circuit panel read the same transcript. In its unanimous Opinion, the Federal Circuit likewise stated that, contrary to Trend Micro's argument, the Court did not find the case exceptional and "determined that the circumstances surrounding the expert's changed opinion alone were 'exceptional, st[ood] out, and [met] the standard of Section 285." Op. at 5; *see also id*. at 7 ("Because the district court did not find that the case overall was exceptional…"). The Federal Circuit added that "the district court in this case should have determined whether the circumstances surrounding the expert's changed opinion were such that, when considered as part of the totality of circumstances in the case, the case stands out as exceptional." *Id*. at 6.

IV acknowledges that the Court found troublesome its argument in opposition to Trend Micro's motion to amend the claim construction of one claim term of one of three asserted claims of one of two patents heading to trial. IV submits that its argument was made in good faith and supported by citations to the record, which alone precludes an exceptional *case* finding. But even considering that argument, the Court has already "determined whether the circumstances surrounding the expert's changed opinion were such that, when considered as part of the totality of circumstances in the case, <u>the case</u> stands out as exceptional" and concluded in 2017 that "<u>It does not. It does not</u>."

None of the facts have changed since the Court's finding that the case overall does not stand out as exceptional. Under the Federal Circuit's recent guidance, the Court's conclusion on that point alone disposes of the issue and compels denial of Trend Micro's request for fees.

      While IV strongly believes that the Court's prior findings are dispositive of this issue and that Trend Micro's motion should be denied without any additional briefing or argument, IV is likewise available at the Court's convenience for a status conference once the Federal Circuit mandate issues.

                                               Respectfully submitted,

                                               /s/ Brian E. Farnan

                                             Brian E. Farnan

Cc: Counsel of Record (Via E-Filing)