## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC | : |
| Plaintiff, | : |
| v. | :     C.A. No. 12-1581-LPS |
| TREND MICRO INCORPORATED and TREND MICRO, INC. (USA), | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington this **26th** day of **July, 2021**:

Having considered the entire record before the Court, including the parties' letter briefs (D.I. 306, 307) submitted in connection with the opinion and mandate issued by the Court of Appeals for the Federal Circuit, **IT IS HEREBY ORDERED** that Defendants' Motion to Declare this Case Exceptional and Award Fees Under 35 U.S.C. § 285 (D.I. 244), and Defendants' Motion in Support of Accounting of Attorneys Fees (D.I. 272), are **DENIED**.

1.  On December 8, 2010, Plaintiff Intellectual Ventures I LLC ("IV" or "Plaintiff") filed this patent infringement action against Defendants Trend Micro Incorporated and Trend Micro, Inc. (USA) ("Trend Micro" or "Defendants"), as well as Check Point Software Technologies Ltd., Check Point Software Technologies Inc., McAfee Inc., and Symantec Corp., asserting U.S. Patent Nos. 5,987,610 ("the '610 patent"), 6,073,142 ("the '142 patent"), 6,460,050 ("the '050 patent"), and 7,506,155 ("the '155 patent"). (C.A. No. 10-1067 D.I. 1) (hereinafter, the "*Symantec* Action")

2.      On November 21, 2012, the case against Trend Micro was severed.  (C.A. No. 12-1581 D.I. 1) (hereinafter the "*Trend Micro* Action" or "instant action")[1] IV voluntarily withdrew claims of infringement of the '610 and '155 patents.  (*See* D.I. 191 at 1 n.1; *see also* D.I. 215 at 2; D.I. 234; D.I. 301 at 2)

3.      During the *Symantec* Action, IV's technical expert consistently opined that a "characteristic" (as used in claims 9, 16, and 22 of the '050 patent) is an "attribute of the document such as whether it contains a virus or is SPAM or *bulk email* or includes copyrighted content."  (*E.g.*, D.I. 169 Ex. 1 at 38 (emphasis added); *see also id.* Ex. 3 at 29-30; C.A. No. 10-1067 D.I. 340 at 63)

4.      In both the *Symantec* Action and the instant action, the Court adopted IV's proposed constructions for the "characteristic claim terms."  (C.A. No. 10-1067 D.I. 426; D.I. 206)

5.      During trial in the *Symantec* Action, IV's expert changed his opinion, testifying on cross-examination that "bulk email" was *not* a characteristic of claim 9 of the '050 patent.  (*See* D.I. 169 Ex. 5 at 641-43, 675)  The expert testified that he had "changed [his] opinion after [he] had a chance to prepare for trial working with Intellectual Ventures' lawyers."  (*Id.* at 675)

6.      On February 6, 2015, trial concluded in the *Symantec* Action, with the jury finding that Symantec did not infringe the asserted claims of the '050 patent, but did infringe the asserted claims of the '142 and '610 patents.  (C.A. No. 10-1067 D.I. 676)

7.      On April 10, 2015, the Court heard argument on Trend Micro's motion for clarification.  (D.I. 167)  At the hearing, counsel for IV was unable to provide any reasonable

---

[1] All further references to the docket index ("D.I.") are to C.A. No. 12-1581, unless otherwise noted.

explanation for the expert's trial testimony, and instead argued that there was no inconsistency (despite clear evidence to the contrary) and that no relief was warranted. (*See* D.I. 223 at 163; *see also* D.I. 264 ("Tr.") at 58) The Court granted Trend Micro's motion and included bulk email as an example of a "characteristic" in its constructions for terms in claims 9, 16, and 22 of the '050 patent for purposes of the then-upcoming trial against Trend Micro. (D.I. 206)

8.      Meanwhile, the Court had also heard argument – in both the *Symantec* Action and the instant action – on motions contending that the asserted claims of the patents-in-suit were invalid for being directed to nonpatentable subject matter under 35 U.S.C. § 101. (*See, e.g.*, C.A. No. 10-1067 D.I. 698) On April 22, 2015, the Court granted these motions with respect to the claims of the '050 and '142 patents. (D.I. 215, 216) Then, on June 17, 2015, the Court entered Final Judgment in favor of Trend Micro. (D.I. 234) On September 30, 2016, the Federal Circuit affirmed the judgment of invalidity of the asserted claims of the '050 and '142 patents (and further held the asserted claims of the '610 patent were also invalid). *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1311 (Fed. Cir. 2016).

9.      Trend Micro then moved for attorney fees under 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[2] Trend Micro requested that the Court declare the case exceptional due to the circumstances surrounding IV's expert's changed opinion. (D.I. 244; D.I. 272) Trend Micro

---

[2] An exceptional case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "Relevant considerations may include frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1277 (Fed. Cir. 2018) (internal citation and quotation marks omitted).

3

sought to recover only the amount of its attorneys fees incurred directly as a result of having to account for the expert's changed opinion. (*See* D.I. 245 at 2 n.2) ("To be clear, Trend Micro is not seeking its attorneys' fees for the entire case, but only for work related to addressing IV's untimely change of position.") Following briefing and oral argument, the Court granted Trend Micro's motion and ordered IV to pay Trend Micro $444,051.14 for Trend Micro's attorneys fees. (Tr. at 55; D.I. 293)

10.    In ruling from the bench and granting Trend Micro's motion, the Court stated the following:

> [I]t would be wrong to say that IV's case was objectively unreasonable.
>
> *I have also considered I guess the closely related question of whether the case overall is exceptional.*
>
> *I find it was not.* It was, for the most part, while hard fought, highly litigious, a case I will remember, sure, but does it stand out in a way that makes it exceptional overall? It does not. It does not. But I don't think that under current law [this finding] precludes the finding of exceptionality with respect to the limited partial relief that is being requested.[³]
>
> . . .
>
> But, . . . I do find . . . that the expert witness belatedly, very late, at cross-examination at trial, disclosed a new opinion.
>
> . . . And . . . yes, he [the expert] did admit that under oath in front of the jury and in front of me.

---

³ During the oral argument, the Court asked both sides whether it needed to make a finding as to whether the case overall was exceptional. Trend Micro's counsel responded: "I don't believe you do need to make a finding . . . . Perhaps I prefer the case as a whole is [found] exceptional, but I think it's within your discretion" not to make such a finding. (Tr. at 14) IV's counsel thought the Court must make a finding as to whether the case overall was exceptional, but added: "I don't think that we have any case we could give the Court that says you have to find the entire litigation in some global sense exceptional in order to award any fees." (*Id.* at 30-31)

> I also considered, did IV later oppose all relief based on
> that admitted late disclosure of the new expert opinion?  And did
> IV try to persuade me that the expert did not change his opinion?
>
> The answer, of course, is yes.  All of that happened as well.
>
> . . . [Thus,] solely with respect to this collection of
> circumstances regarding [the expert's] changed testimony . . . IV's
> conduct was exceptional, stands out, and meets the standard of
> Section 285.

(Tr. at 56-58) (emphasis added)

11.     IV appealed the Court's order.  (D.I. 294)  On December 19, 2019, the Federal

Circuit issued an opinion vacating and remanding the case for further consideration, specifically

to determine "whether the circumstances surrounding the expert's changed testimony render the

case exceptional under § 285."  *Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380,

1384 (Fed. Cir. 2019) ("*Trend Micro*").  The Federal Circuit explained that "under the statute,

the district court in this case should have determined whether the circumstances surrounding the

expert's changed opinion were such that, when considered as part of the totality of circumstances

in the case, the case stands out as exceptional."  *Id.* at 1383.  The Court added:

> Whether the conduct is a single, isolated act, or otherwise, the
> relevant question for the district court is the same.  ***The district
> court must determine whether the conduct, isolated or otherwise,
> is such that when considered as part of and along with the
> totality of circumstances, the case is exceptional***, i.e., the case
> stands out among others with respect to the substantive strength of
> a party's litigating position or the unreasonable manner in which
> the case was litigated.

*Id.* at 1384 (emphasis added).

12.     On December 30, 2019 and January 8, 2020, the parties submitted letter briefs to the Court. (D.I. 306, 307)[4] Trend Micro renewed its request to be awarded its fees incurred in connection with responding to IV's expert's changed opinion, while IV contended that the Federal Circuit's opinion, combined with the Court's prior findings, make clear that a fee award is not warranted. The Court agrees with IV.

13.     The Court continues to find that, considering the totality of circumstances, including IV's expert's changed opinion and the related events (including events in connection with the motion for clarification), *this case overall is not exceptional*. All of the findings the Court made in initially granting Trend Micro's motion remain true. "IV's case was not objectively unreasonable," IV "prevailed on a great deal" of the litigation it initiated in this action against Trend Micro, and the record is devoid of evidence that IV deliberately planned and executed the reversal of its expert's positions during the *Symantec* trial. (Tr. at 56-59) The Court's express finding on "the question of whether the case overall is exceptional" that it was *not* likewise remains true. (*Id.* at 57)

14.     The only aspect of this lengthy litigation which "stood out" was IV's expert's change of testimony and IV's response to that change, which included denying that it was a change. While this was an unfortunate misstep by IV, and drove up Trend Micro's expenses by more than $444,000, this isolated conduct is not sufficient, when considered as part of and along with the totality of the circumstances, to make this case stand out from other patent cases.

15.     Trend Micro contends that the Court made "repeated findings that 'the case' was exceptional," implying that the Court found that the *case overall* was exceptional. (D.I. 306 at 2)

---

[4] The letters were submitted in advance of the Federal Circuit's issuance of its mandate on January 28, 2020. (D.I. 308)

This is not correct. The "findings" on which Trend Micro relies are generalized statements near the start of the Court's bench ruling on the attorneys fees motion (i.e., that Trend Micro had met its burden to show "that the case is exceptional") and at the start of the Court's order relating to Trend Micro's Motion in Support of an Accounting of its Attorneys Fees (describing "the Court's August 31, 2017 order granting Trend's motion for partial attorneys fees and declaring this case exceptional"). (*Id.* at 1) (quoting Tr. at 55 and D.I. 293 at 1)  While there is some ambiguity in the Court's phraseology, the Court's subsequent, specific findings – which it reiterates here today – were and are that "[o]verall, IV's case was not objectively unreasonable" and this case "does not" stand out "in a way that makes it exceptional overall." (Tr. at 56-57) As IV correctly observes, the Federal Circuit, too, recognized that this Court "'did not find the case overall was exceptional.'" (D.I. 307 at 2) (quoting *Trend Micro*, 944 F.3d at 1384)  Given the Federal Circuit's opinion in *Trend Micro*, this finding is dispositive.

16.     Accordingly, and for all the reasons stated in this Memorandum Order, the Court must and does deny Trend Micro's motions.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE